1   ROBIN J. SAMUEL (SBN 173090)
     ADAM P. ZAFFOS (SBN 217669)
2   LAURA M. AHART (SBN 246522)
     HOGAN & HARTSON L.L.P.
3   1999 Avenue of the Stars, Suite 1400
     Los Angeles, California  90067
4   Telephone:  (310) 785-4600
     Facsimile:  (310) 785-4601
5   rjsamuel@hhlaw.com
     apzaffos@hhlaw.com
6   lmahart@hhlaw.com

7   Attorneys for Defendant
     THE OFFICE DEPOT EMPLOYEE
8   WELFARE BENEFIT PLAN

9

10            UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12               EASTERN DIVISION

| | |
|---|---|
| 13  IV SOLUTIONS, INC., a California corporation, in its capacity as Assignee under an Assignment of Benefits and IV SOLUTIONS, INC., a California Corporation, in its own separate and individual right and capacity, | Case No. EDCV07-1603 VAP (JCRx) (JWJx) <br><br> ~~PROPOSED~~ PROTECTIVE ORDER <br><br> **NOTE CHANGES MADE BY THE COURT** |
|              Plaintiff, | |
|    vs. | |
|    THE OFFICE DEPOT EMPLOYEE WELFARE BENEFIT PLAN and DOES 1 through 50, inclusive, | |
|              Defendants. | |

# PROTECTIVE ORDER

1.     The terms and conditions of this Protective Order shall govern the production and handling of documents, electronically stored information and documentation associated therewith, answers or responses to interrogatories, responses to requests for admissions, depositions, associated transcripts and exhibits, pleadings and associated exhibits, briefs and associated exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all information and documents, regardless of media, exchanged by the parties or produced by any third party in response to discovery requests or subpoenas.

2.     The designation "CONFIDENTIAL" shall be limited to information, regardless of the form in which such information is disclosed, that any disclosing party, including any non-party to this action, in good faith, believes to contain (a) proprietary or commercially sensitive information; and (b) information, including financial information, that should otherwise be subject to confidential treatment. The designation "CONFIDENTIAL" does not include information or materials available to the public including, without limitation, catalogs, advertising materials, and the like.

3.     Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a)     A party or officer or employee of a party who is not an attorney who has executed a Certification attached hereto as Exhibit A;

b)     in-house counsel of a named party;

\\\LA - 019337/000057 - 421472 v1

c)  outside counsel representing a named party, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

d)  court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

e)  actual or potential experts or consultants who are retained by any attorney described in Paragraphs 3(b) or (c) to assist with the above-captioned action, who are not a current or former employee of a party or subsidiary or affiliate of a party, and who execute a Certification attached hereto as Exhibit A;

f)  a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the above-captioned action; such access shall be solely in connection with and for the purpose of the above-captioned litigation;

g)  during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document;

–3–  **PROPOSED PROTECTIVE ORDER**

WLA - 019337/000057 - 421472 v1

h)   any private mediators used in the above-captioned matter, provided such person executes a Certification attached hereto as Exhibit A; and

i)   the Court, *court personnel* and any Special Masters and/or Mediators appointed by the Court, provided that documents filed with the Court shall be filed under seal.

4.   The designation "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall be limited to information, regardless of the form in which such information is disclosed, that any disclosing party, including non-parties to this action, in good faith, believes to contain (a) current or past (to the extent they reflect on current) methods, procedures, and processes relating to their respective business practices and/or proprietary technology; (b) personal information relating to or concerning current and/or former employees of Office Depot, Inc., or current and/or former individuals covered under the Office Depot Employee Welfare Benefit Plan that is of a generally understood personal and confidential nature, including without limitation, individuals' names, addresses, email addresses, telephone numbers, government issued identifiers, financial and payment and related identifiers, and health or medical information; (c) trade secrets; (d) other "CONFIDENTIAL" information (as defined in Paragraph 2) the disclosure of which is likely to cause competitive or commercial injury to the disclosing party; (e) financial, technological, operational, sales, marketing, pricing and/or other proprietary information relating to Charter's business that is not publicly available or known and that would be of benefit to a competitor of Charter; and (f) such other information, documents and/or data within Charter's possession, custody or control as to which Charter may have a legal obligation to protect its confidentiality.

5.   Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

—4—                    **PROPOSED PROTECTIVE ORDER**

       a)     in-house counsel of a named party;

       b)     outside counsel of record, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

       c)     court reporters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

       d)     potential or actual experts or consultants who (i) are retained by any attorney described in Paragraphs 5 (a) or (b) to assist with the above-captioned matter, (ii) are not current employees of a party or subsidiary or affiliate of a party, and (iii) who execute a Certification attached hereto as Exhibit A;

       e)     a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in the above-captioned matter, with respect to such information;

       f)     during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or

1  date reflected in the document, provided such witness executes a Certification
2  attached hereto as Exhibit A;

3

4          g)    any private mediators utilized in the above-captioned matter,
5  provided such person executes a Certification attached hereto as Exhibit A;

6
7          h)    the Court, *court personnel* and any Special Masters and/or Mediators appointed
8  by the Court, provided that documents filed with the Court shall be filed under seal.

9

10     6.    All information designated "CONFIDENTIAL" or "HIGHLY
11  CONFIDENTIAL" in accordance with the terms of this Protective Order and
12  disclosed, produced or exchanged in the course of the above-captioned matter shall
13  be used or disclosed solely for the purpose of the above-captioned *IV Solutions*
14  matter and in accordance with the provisions of this Protective Order.  Such
15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not be used
16  for any business purpose, or in any other litigation or proceeding, or for any other
17  purpose, except by Court Order or otherwise required by law.  The foregoing
18  notwithstanding, this Protective Order has no effect on, and it shall not extend to any
19  party's use of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL
20  information.

21

22     7.    If the receiving party, including without limitation, its employees,
23  agents, or consultants, is compelled to disclose any of a disclosing party's
24  Confidential or Highly Confidential information pursuant to applicable laws, rules,
25  regulations, court orders, or subpoenas (each a "Requirement"), the receiving party
26  shall promptly notify the disclosing party of any such Requirement and shall
27  cooperate with the disclosing party to obtain a protective order or other appropriate
28  arrangement pursuant to which the confidentiality of the disclosing party's

–6–     **PROPOSED PROTECTIVE ORDER**

WLA - 019337/000057 - 421472 v1

Confidential and/or Highly Confidential information is preserved.  Provided that the producing/disclosing party makes a timely motion or other application for relief from the Requirement in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without the consent of the disclosing/producing party or until ordered by a court of competent jurisdiction.  If such an order or arrangement is not obtained, the receiving party shall disclose only that portion of the disclosing party's Confidential and/or Highly Confidential information as is required pursuant to such Requirement. Any such required disclosure shall not change the status of the disclosed information as the disclosing party's Confidential and/or Highly Confidential information under the terms of this Protective Order.

8.    Counsel shall provide each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information a copy of this Protective Order, advise each person of their obligation to comply with the terms of the Protective Order, and secure the signature of each person on the appropriate Certification required herein.  Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Protective Order. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order. Counsel agrees to maintain a file of all executed Certifications (Exhibit A) required by this Protective Order.

9.    The    recipient    of    any    "CONFIDENTIAL"    or    "HIGHLY CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise at least the same standard of due and proper care with respect

**PROPOSED PROTECTIVE ORDER**

\\\LA - 019337/000057 - 421472.v1

1  to the storage, custody, use and/or dissemination of such information as is exercised
2  by the recipient with respect to his or her own confidential or proprietary
3  information.

4      10.    In designating information "CONFIDENTIAL" or "HIGHLY
5  CONFIDENTIAL," the producing or testifying party or person, including third
6  parties, will make such designation only as to that information that it in good faith
7  believes is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

8

9      11.    All parties shall take further steps to safeguard documents containing
10 information related to Office Depot employees or individuals covered by the Office
11 Depot Employee Welfare Benefit Plan, including but not limited to redacting
12 documents to remove names, social security numbers, medical and health
13 information, and other protected or individually identifying information, coding the
14 documents to substitute a numerical or other designation for the employee or
15 customer name or other identifying information, introducing summary evidence
16 where practicable which may be more easily redacted, and taking other steps, as
17 appropriate, to remove identifying information associated with the names of
18 individual employees and customers.

19

20     12.    All or any part of a document, tangible item, discovery response or
21 pleading disclosed, produced, or filed by any party or person in the above-captioned
22 matter may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
23 information by the producing or disclosing party or person by marking the
24 appropriate legend on the face of the document and each page so designated.  With
25 respect to tangible items, the appropriate legend shall be marked on the face of the
26 tangible item, if practicable, or by delivery at the time of disclosure, production or
27 filing to the party to which disclosure is made, written notice that such tangible item

28

**PROPOSED PROTECTIVE ORDER**

WLA - 019337/000057 - 421472 v1

1   is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Regarding electronically

2   stored information produced in a format that does not permit the disclosing party to

3   affix an appropriate confidentiality legend to each piece of data, the parties shall

4   indicate the appropriate confidentiality designation in a transmittal letter that will

5   accompany the production of such material and, to the extent practical, affix an

6   appropriate legend on the media on which such data is produced.

7

8       13.    Any party may designate the deposition testimony and exhibits (or

9   portions  thereof)  of  any  witness  in  the  above-captioned  matter  as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition

11  by advising the court reporter and all parties in attendance of such fact during the

12  deposition.  If any portion of a videotaped deposition is designated pursuant to this

13  Paragraph, the videocassette or other videotape or CD ROM container shall be

14  labeled with the appropriate legend.  Unless a shortened time period is requested as

15  set forth below, within thirty (30) days of receipt of the transcript, the deponent,

16  his/her counsel, or any other party may re-designate all or portions of the transcript

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."   The deponent, his/her

18  counsel or any other party shall list on a separate piece of paper the numbers of the

19  pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL" information and serve the same on opposing counsel.  Pending

21  such designation, the entire deposition transcript, including exhibits, shall be deemed

22  "HIGHLY CONFIDENTIAL" information.  If no designation is made within thirty

23  (30) days after receipt of the transcript, the transcript shall be considered not to

24  contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information."  A

25  party may reasonably request a shortening of the time period within which a

26  confidentiality designation for a deposition transcript must be made for the purpose

27  of conducting effective discovery, and consent to such a request shall not be

28  unreasonably withheld.  In the event of a dispute as to a request for a shortened time

–9–          **PROPOSED PROTECTIVE ORDER**

1   period, the parties shall first try to dispose of such dispute in good faith on an

2   informal basis.  If the dispute cannot be resolved within five (5) business days, the

3   party requesting the shortened time period may request appropriate relief from the

4   Court. The parties agree, subject to Court approval, that such relief sought can be in

5   the form of a telephone conference to be scheduled at the Court's earliest

6   convenience with the objective of obtaining a prompt resolution of the dispute.

7

8        14.   Any documents or pleadings to be filed with the Court that contain

9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be filed

10   under seal in an envelope marked "CONFIDENTIAL — Filed Under Seal Pursuant

11   to Court Order" or "HIGHLY CONFIDENTIAL – Filed Under Seal Pursuant to

12   Court Order" and bear the caption of the above-captioned matter, the pleading or

13   document title and such other description as will allow the Court to readily identify

14   the documents or information or portions thereof so designated.

15

16        15.   At the request of a disclosing party, the Court may ∫ limit or restrict *in its discretion*

17   person(s)   not   permitted   access   to   "CONFIDENTIAL"   or   HIGHLY

18   CONFIDENTIAL" information from attending any hearing or deposition at which

19   such information is revealed.

20

21        16.   Nothing in this Order shall be construed in any way as a finding that

22   information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

23   actually is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  Any

24   party may object, in writing, to the designation by another party by specifying the

25   information in issue and the grounds for questioning the designation.  A party shall

26   not be obligated to challenge the propriety of a designation at the time made, and a

27   failure to do so shall not preclude any subsequent challenge.  In the event that any

28

                                              –10–        **PROPOSED PROTECTIVE ORDER**

WLA - 019337/000057 - 421472.v1

1   party to the above-captioned matter disagrees at any time with the designation by the

2   disclosing party, the parties shall try first to resolve said dispute in good faith on an

3   informal basis.  If the parties cannot resolve the dispute within fifteen (15) days of

4   service of a written objection, the party that designated the information may file a

5   motion for a protective order within fifteen (15) days after the parties' informal

6   attempts at resolution have concluded.  The information, documents or materials at

7   issue shall continue to receive the protection of their designation pending the Court's

8   ruling on the motion.  The party that designated the information "CONFIDENTIAL"

9   or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the

10  propriety of its designation.

11

12      17.    Nothing herein shall be construed to be an admission of relevance or to

13  affect, in any way, the admissibility of any documents, testimony or other evidence

14  in the above-captioned matter.  This Protective Order is without prejudice to the

15  right of any party to bring before the Court at any time the question of whether any

16  particular information is or is not discoverable or admissible.

17

18      18.    Nothing in this Protective Order shall bar or otherwise restrict any

19  attorney herein from tendering advice to clients with respect to the above-captioned

20  matter and in the course thereof, referring to or relying upon the attorney's

21  examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information

22  so long as the attorney does not disclose "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL" information.

24

25      19.    The inadvertent or mistaken disclosure by a disclosing party of

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that is unmarked

27  or incorrectly designated shall not constitute a waiver of any claim of confidentiality

28

\\\LA - 019337/000057 - 421472 v1

except where: (a) the disclosing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the disclosing party fails to provide properly re-designated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the disclosing party's notice. Upon receipt of properly re-designated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the disclosing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the disclosing party's notice.

20. Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Protective Order, then the receiving party shall:

a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and to bind such person or party to the terms of this Protective Order;

b) within seven (7) days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and identify such person or party to the disclosing party; and

c) request such person or party to sign the Certification attached hereto as Exhibit A. The executed Certification shall be served upon counsel for the disclosing party within ten (10) business days of its execution by the party to whom

–12–   **PROPOSED PROTECTIVE ORDER**

the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the disclosing party may pursue for breach of this Protective Order.

21. A disclosing person or entity who is not a party in the above-captioned matter shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record. Thereafter, a disclosing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only testimony, information, documents or things that such disclosing person or entity has produced or provided in the above-captioned matter.

22. This Protective Order shall survive the termination of the above-captioned matter and shall continue in full force and effect thereafter.

23. After final termination of this action, including the resolution of all appellate proceedings, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Such materials shall continue to be treated as designated under this Protective Order. Nothing herein shall require the return or destruction of attorney work product.

24. Within sixty (60) days after final termination of above-captioned matter, counsel for any party that has received Confidential or Highly Confidential information shall either (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized

\\LA - 019337/000057 - 421472 v1

1   by counsel for the receiving party to counsel for the party who has provided such

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information; or (b) certify

3   destruction thereof to the disclosing party's counsel.  As to "CONFIDENTIAL" or

4   "HIGHLY CONFIDENTIAL" information reflected in computer databases or

5   backup tapes or any other electronic form, the receiving party shall erase all such

6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in such a manner

7   that all such information is thereafter irretrievable by the receiving party and any

8   other person or entity.

9

10        25.    If, in connection with the above-captioned matter, a party (the

11  "Disclosing Party") discloses information subject to a claim of attorney-client

12  privilege or attorney work product protection ("Disclosed Protected Information"),

13  the disclosure of the Disclosed Protected Information shall not constitute or be

14  deemed a waiver or forfeiture of any claim of privilege or work product protection

15  that the Disclosing Party would otherwise be entitled to assert with respect to the

16  Disclosed Protected Information and its subject matter.  A Disclosing Party may

17  assert in writing attorney-client privilege or work product protection with respect to

18  Disclosed Protected Information.  The Receiving Party shall, within five business

19  days of receipt of that writing, return or destroy all copies of the Disclosed Protected

20  Information and provide a certification of counsel that all such Disclosed Protected

21  Information has been returned or destroyed.   Within five business days of the

22  notification that such Disclosed Protected Information has been returned or

23  destroyed, the Disclosing Party shall produce a privilege log with respect to the

24  Disclosed Protected Information.  The receiving party may move the Court for an

25  Order compelling production of the Disclosed Protected Information (a "Privilege

26  Motion").  The Privilege Motion shall be filed under seal and shall not assert as a

27  ground for entering such an Order the fact or circumstances of the inadvertent

28

—14—        **PROPOSED PROTECTIVE ORDER**

production.  The Disclosing Party retains the burden of establishing privileged or protected nature of any Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.  If, at trial, at a hearing, at a deposition, or on a motion, a Disclosing Party marks for identification or offers into evidence Disclosed Protected Information — or proffers or elicits testimonial or other evidence that incorporates or relies on Disclosed Protected Information, including evidence within Federal Rule of Evidence 703 — that act shall be deemed to effect a waiver and forfeiture by the Disclosing Party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a).  The preceding sentence shall not apply to (i) proceedings to determine whether the Disclosed Protected Information is privileged or protected or subject to discovery or disclosure, or (ii) Disclosed Protected Information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.  The parties expressly agree, in order to save the significant expense and burden of pre-production privilege review, that a party may produce its information, including without limitation hard copy and electronic documents and electronic data without first reviewing such materials for work product or attorney client privilege and that such a production will not in any manner constitute a waiver of privilege or work product.

26.    The Court and its personnel are not obligated to destroy or return materials subject to the attorney-client privilege and/or work product protection filed under seal.  Court personnel who receive such information are not required to sign this Protective Order.

-15-      **PROPOSED PROTECTIVE ORDER**

\\\LA - 019337/000057 - 421472 v1

1    27.   Nothing in this Protective Order shall prevent any party from applying

2    to the Court for relief therefrom, or from applying to the Court for further or

3    additional protective orders or for a modification of this Protective Order. *The Court and its personnel shall not be bound*

4    *by the provisions of this order.*   (NOTE CHANGES THROUGHOUT)

5    **IT IS SO ORDERED.**

6    _____ W. Sh—

7    UNITED STATES DISTRICT COURT JUDGE

8

9    DATED: *March 5, 2009*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

—16—         **PROPOSED PROTECTIVE ORDER**

\\\LA - 019337/000057 - 421472 v1

**PROOF OF SERVICE**

1

2  STATE OF CALIFORNIA )
                          ) ss.
3  COUNTY OF LOS ANGELES )

4  I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is: Hogan &
5  Hartson LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067.

6  On February 13, 2009, I caused the foregoing document described as:

7                         **PROPOSED PROTECTIVE ORDER**

8  to be served on the interested parties in this action by delivering the original enclosed in a sealed envelope addressed as follows:
9

10 Gary L. Tysch
    Law Offices of Gary L. Tysch
    16133 Ventura Blvd., Suite 580
11 Encino, CA 91436
    E-mail: gltysch@pacbell.net
12

13 [X]   **BY E-MAIL.**  I caused such document(s) to be delivered in PDF format when the attached document was e-filed with the Clerk of the Court using the
        CM/ECF system which will automatically send notification of such filing to the
14      e-mail address(es) listed above:

15 [ ]   **BY MAIL.**  I sealed said envelope and placed it for collection and mailing following ordinary business practices.
16

17 [ ]   **BY HAND DELIVERY.**  I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

18 [ ]   **BY UNITED PARCEL SERVICE.**  I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by
19      UPS following ordinary business practices by my firm, to wit, that packages will
        either be picked up from my firm by UPS and/or delivered by my firm to the
20      UPS office.

21 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the  foregoing is true and correct.  Executed on , at Los Angeles,
22      California.

23 [X]   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on February 13,
24      2009, at Los Angeles, California.

25

26 Carmela Elias                                              _Carmela Elias_
    Print Name                                                   Signature
27

28

WLA - 019337/000057 - 421472 v1