GARY L. TYSCH, ESQ. #128389
E-mail: gltysch@pacbell.net
LAW OFFICES OF GARY L. TYSCH
16133 Ventura Boulevard, Suite 580
Encino, California 91436-2411

(818) 995-9555 main
(818) 995-9550 facsimile

Attorneys for Plaintiffs IV SOLUTIONS, INC. as an Assignee and IV SOLUTIONS, INC. in its Own Individual Right

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IV SOLUTIONS, INC., a California Corporation, in its capacity as Assignee under an Assignment of Benefits and IV SOLUTIONS, INC., a California corporation, in its own separate and individual right and capacity,

Plaintiffs,

vs.

THE OFFICE DEPOT EMPLOYEE WELFARE BENEFIT PLAN and DOES 1 through 50, inclusive,

Defendants.

CASE NO.: EDCV 07-1603 VAP (JWJx)

**DECLARATION OF GARY L. TYSCH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

**DATE:** **April 27, 2009**
**TIME:** **10:00 a.m.**
**PLACE:** **Courtroom 2**
**JUDGE:** **Hon. Virginia A. Phillips**

I, GARY L. TYSCH, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and am counsel of record for IV SOLUTIONS, INC., a California corporation. If called upon to testify, I could and would competently attest to the following information from my own personal knowledge.

/ / /

/ / /

2. In response to Requests for Production of Documents served upon Defendant THE OFFICE DEPOT EMPLOYEE WELFARE BENEFIT PLAN ("OFFICE DEPOT") by IV SOLUTIONS, INC., OFFICE DEPOT produced of documents on February 10, 2009 and then supplemented its responses on February 11, 2009 and February 17, 2009. I have personally reviewed the documents produced which essentially comprise the administrative record or CIGNA claim file materials pertaining to the processing of claims in this case.

3. Included in the documents produced, was a letter from CIGNA HealthCare's Assistant Vice President, Deborah D. Rodriguez, M.P.H., dated October 26, 2005, to Mr. Alex Vara at IV SOLUTIONS, INC. In response to numerous demands for payment by IV SOLUTIONS of the claims associated with Glorianne P.'s services received from IV SOLUTIONS, Ms. Rodriguez responded with an offer to pay IV SOLUTIONS, INC. directly, and offered a settlement based upon this letter and previous discussions with Mr. Vara. A true and correct copy of the October 26, 2005, letter from Ms. Rodriguez is attached hereto as Exhibit "1" and is incorporated herein by this reference as if set forth in full.

4. Similarly, on January 4, 2006, CIGNA's Senior Counsel of Medical Strategy & Litigation, Legal Division, Jeffrey D. Linstone, wrote Alex Vara. In that letter, CIGNA's Senior Counsel reiterated the bases upon which the claims had previously been denied stating that the subject Plan "does not cover charges for services provided by out of network providers, nor does the Plan cover expenses in excess of reasonable and customary charges." In addition, Linstone objected to the claims of IV SOLUTIONS, INC. on behalf of Glorianne P., on the basis that the charges were allegedly "grossly excessive." A true and correct copy of the January 4, 2006, letter from Mr. Linstone is attached hereto as Exhibit "2" and is incorporated herein by this reference as if set forth in full.

/ / /

/ / /

5 The January 4, 2006, letter is the final denial letter issued by CIGNA on this case. Nowhere in this letter is there any reference to or objection made by CIGNA that IV SOLUTIONS, INC. lacked standing to assert claims on behalf of Glorianne P., that IV SOLUTIONS, INC.'s claims were being rejected as a result of an anti-assignment clause contained within the subject Plan, nor did CIGNA's senior counsel ever repudiate or reject IV SOLUTIONS, INC.'s standing to assert claims for benefits on behalf of Glorianne P. In fact, by this letter, Linstone offered to reimburse IV SOLUTIONS, INC. for "all supplies at 100% of billed charges and further offered to reimburse drug charges at average wholesale prices (AWP) plus 20%."

6. I have reviewed each and every page of the documents produced by OFFICE DEPOT in response to Request for Production of Documents. In none of the documents produced by OFFICE DEPOT in response to Plaintiff's Request for Production is there any reference to OFFICE DEPOT's denial of benefits on the basis of an anti-assignment provision contained within the subject Plan document. Similarly, none of the documents produced evidence an invocation of the anti-assignment provision to deny coverage, benefits or claims.

7. From my review of the documents produced by OFFICE DEPOT, I have also determined that all of the submissions of claims, correspondence, appeals, inquiries and requests for reimbursement and payment were made by IV SOLUTIONS, INC. to OFFICE DEPOT, while none of those same documents originated from Glorianne P. There is no indication that Glorianne P. ever personally pursued a claim for benefits, payment, indemnification or reimbursement of the medical expenses that she had incurred for services rendered by IV

/ / /

/ / /

/ / /

/ / /

SOLUTIONS, INC. by or through an appeal, inquiry or other communication to CIGNA on behalf of OFFICE DEPOT.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED: April 13, 2009

/s/ Gary L. Tysch
GARY L. TYSCH, Declarant

DeclGLT-OppMSJ1.wpd