GARY L. TYSCH, ESQ. #128389
E-mail: gltysch@pacbell.net
LAW OFFICES OF GARY L. TYSCH
16133 Ventura Boulevard, Suite 580
Encino, California  91436-2411

(818) 995-9555 main
(818) 995-9550 facsimile

Attorneys for Plaintiffs IV SOLUTIONS, INC. as an Assignee
and IV SOLUTIONS, INC. in its Own Individual Right

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IV SOLUTIONS, INC., a California Corporation, in its capacity as Assignee under an Assignment of Benefits and IV SOLUTIONS, INC., a California corporation, in its own separate and individual right and capacity,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>THE OFFICE DEPOT EMPLOYEE WELFARE BENEFIT PLAN and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO.: EDCV 07-1603 VAP (JWJx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**DATE:**　　**April 27, 2009**<br>**TIME:**　　**10:00 a.m.**<br>**PLACE:**　　**Courtroom 2**<br>**JUDGE:**　　**Hon. Virginia A. Phillips** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

1.

## INTRODUCTION

In their Second Amended Complaint, Plaintiffs asserted claims under ERISA as the assignee of Glorianne P., as well as a set of claims in its own separate right as a medical provider who had been promised payment and who had been authorized to provide services by CIGNA (as an agent or representative of the subject Plan). Defendant THE OFFICE DEPOT EMPLOYEE WELFARE BENEFIT PLAN ("OFFICE DEPOT") now moves for Summary Judgment or Summary Adjudication on all counts. Although Plaintiffs will not oppose Defendant's Motion for Summary Judgment or Summary Adjudication with regard to the state law claims (counts two through seven), Plaintiffs do oppose the Motion for Summary Judgment or Summary Adjudication on Count One. This Opposition relates only to the ERISA claims asserted by Plaintiffs as an assignee of Glorianne P.

Defendant's sole basis for seeking summary judgment/adjudication on Count One under ERISA is its allegation that the anti-assignment clause of the subject Plan precludes Plaintiffs from asserting claims under ERISA and that the ERISA claims must therefore fail. However, the subject Plan contains certain express exceptions to the anti-assignment clause which are relevant and applicable in this case. Specifically, the terms of the subject Plan allows the Claims Administrator (CIGNA) to permit the assignment of benefits to health care providers. As demonstrated herein, CIGNA accepted the appeals of IV SOLUTIONS, INC. for payment of benefits, responded to those appeals, and offered to pay the claims for benefits under the subject Plan for services rendered by IV SOLUTIONS, INC. to Glorianne P, thereby permitting and allowing the assignment of benefits. See Declaration of Gary L. Tysch, Exhibits "1" and "2."

Having allowed IV SOLUTIONS, INC. to challenge the denial of benefits to Glorianne P., to appeal those denials, and having offered payment directly to IV

2

1    SOLUTIONS, INC., it is clear that the exception to the rule otherwise prohibiting

2    assignment of benefits is invoked.

3        Further, prior to the litigation of this matter, neither OFFICE DEPOT nor

4    CIGNA on behalf of OFFICE DEPOT, ever contested, asserted, or otherwise

5    invoked the anti-assignment provisions of the subject Plan.  Their failure to do so

6    during the administrative appeal process of the subject claims, operates as a waiver

7    of any argument under the anti-assignment provisions and precludes this Court

8    from considering such argument which is a new argument and an attempt to

9    introduce new evidence into the administrative claim record.  This Court is

10   foreclosed and precluded from considering a new argument which was never

11   previously asserted prior to litigation, making the anti-assignment clause a red

12   herring issue which has been previously waived and abandoned by the Defendant.

13       For these reasons, the Defendant's Motion for Summary Judgment or

14   Summary Adjudication as to Count One, based upon the anti-assignment provision

15   must fail.

16                                      2.

17   **HAVING FAILED TO ASSERT THE ANTI-ASSIGNMENT**

18   **PROVISIONS OF THE SUBJECT PLAN DURING THE**

19   **ADMINISTRATIVE REVIEW PROCESS, DEFENDANT**

20   **IS FORECLOSED FROM RAISING THAT ARGUMENT NOW.**

21       It is well-settled in ERISA cases, that the trial court's sole duty is to review

22   the record that was before the Administrator.  Moreover, typically no additional

23   evidence or new arguments will be considered.  *See Kearney v. Standard Ins. Co.*,

24   175 F.3d 1084 (9th Cir.1999).  Ordinarily, the claims record or the Administrative

25   Record serve as the sole basis for judicial review in an ERISA case.  With few

26   exceptions, this rule is true whether the case is reviewed *de novo* or on the basis of

27   the discretionary review standard for arbitrary and capricious acts.  *Id.* at 1090.  In

28   *Mongeluzo v. Baxter Travenol Long-Term Disability Benefit Plan*, 46 F.3d 938 (9th

                                      3

1   Cir.1995), the court stated, citing from *Quesinberry v. Life Ins. Co. of North*

2   *America*, 987 F.2d 1017, 1025 (4th Cir.1993) (*en banc*):

3              [W]e . . . believe that the purposes of ERISA . . . warrant

4              significant restraints on the district court's ability to allow

5              evidence beyond what was presented to the

6              administrator."

7   *Mongeluzo* at 943.  The court went on to direct that:

8              We emphasize that a district court should not take

9              additional evidence merely because someone at a later

10             time comes up with new evidence that was not presented

11             to the plan administrator."

12  *Mongeluzo* at 944.  As the Declaration of Gary L. Tysch, Exhibits "1" and "2,"

13  demonstrate, Defendant OFFICE DEPOT never asserted the anti-assignment

14  provision or contested the standing of IV SOLUTIONS, INC. to receive benefits,

15  claim benefits, appeal benefit denials, or otherwise assert the patient's Glorianne

16  P.'s ERISA rights pertaining to the claims which are the subject of this action.  In

17  fact, CIGNA, on behalf of Defendant, accepted the claims, accepted the appeals,

18  and otherwise dealt with IV SOLUTIONS, INC. as if IV SOLUTIONS, INC. were

19  the insured or patient, Glorianne P.  Further, CIGNA offered to pay benefits directly

20  to IV SOLUTIONS, INC. in compromise of the claims and otherwise treated IV

21  SOLUTIONS, INC. as if IV SOLUTIONS, INC. were the claimant, participant, or

22  beneficiary under the ERISA Plan.

23          For all intents and purposes, the appeals of the denials of benefits was

24  advanced by IV SOLUTIONS, INC. solely instead by Glorianne P.  Thereby,

25  CIGNA treated IV SOLUTIONS, INC. as if it were a Plan participant or beneficiary

26  and as if it were Glorianne P., countenancing, allowing, acquiescing to and

27  accepting the Assignment of Benefits issued by Glorianne P. to IV SOLUTIONS,

28  INC.

4

1    At no time did the Defendant or its agent, CIGNA, ever mention the anti-
2    assignment provision of the subject Plan, nor did it ever take the position that IV
3    SOLUTIONS, INC. lacked authority or standing to assert claims, appeal claims or
4    otherwise participate in the claims review process under ERISA.

5    As such, the attempt by Defendant to now assert the anti-assignment
6    provision of the subject Plan, when it previously waived that provision, constitutes
7    a new argument, the introduction of new evidence, and advances new theories for
8    denial which were never previously raised during the Administrative Review
9    Process and which have been raised only after the Administrative Review Process
10   has been completed.

11   Not only should this new theory, advancing a claim that IV SOLUTIONS,
12   INC. has no standing based upon the anti-assignment provision of the Plan be
13   considered new evidence which cannot be considered since it is outside the
14   Administrative Review file, but allowance of this new claim would violate the
15   strictures of the statutory scheme of ERISA.  Specifically, 29 U.S.C. § 1133(1)
16   provides that each employee benefit plan must:

17        Provide adequate notice in writing to any participant or
18        beneficiary whose claim for benefits under the Plan has
19        been denied, **setting forth the specific reasons for such**
20        **denial, written in a manner calculated to be**
21        **understood by the participant . . . .**"

22   (Emphasis added.)  Since neither CIGNA nor OFFICE DEPOT delineated the anti-
23   assignment provision as a basis for denial or reason for denial during the
24   Administrative Review Process or in any of its letters or communications denying
25   IV SOLUTIONS' claims for benefits, Defendant is now foreclosed from asserting
26   this new argument during the judicial review process.  Moreover, the failure to
27   invoke the anti-assignment provision during the Administrative Review Process
28   deprived Plaintiffs of the "reasonable opportunity . . . for a full and fair review by

5

1  the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. §

2  1133(2).  Had the anti-assignment provision of the subject Plan been invoked at any

3  time during the administrative review process or had that clause been articulated as

4  a basis for denial in any of the denial letters, IV SOLUTIONS, INC. could have

5  responded in kind by requesting that Glorianne P. become involved in the appeals

6  process or take over the appeal.  Further, IV SOLUTIONS, INC. would not have

7  been misled to believe that Defendant OFFICE DEPOT had waived its right to

8  assert the anti-assignment provision and could have obtained Glorianne P.'s

9  cooperation in filing the instant action as a named plaintiff.

10

11                                    3.

12  **THE SUBJECT PLAN EXPRESSLY ALLOWED ASSIGNMENT**

13  **TO A HEALTH CARE PROVIDER AND THEREFORE**

14  **COUNTENANCES THE ASSIGNMENT BY MS. P.**

15  **TO IV SOLUTIONS, INC.**

16       The express provisions of the subject Plan at Section 8.3 provide an

17  exception to the general rule against assignments for this particular Plan,

18  specifically allowing assignments such as the assignment that was made in this

19  case.  The subject Plan provision relating to assignments provides:

20       **Except as otherwise permitted by** (A) by the Committee as Program

21       Administrator or the **Claims Administrator solely to assign benefits**

22       **as payment to health care providers** pursuant to the terms of the

23       medical plan . . . benefits payable to a covered person or a beneficiary

24       under a participating Plan are not in any way subject to the covered

25       person's or beneficiary's debts or other obligations and may not be

26       voluntarily sold, transferred, alienated or assigned."

27  (Emphasis added.)

28  / / /

                                    6

1     In the instant case, IV SOLUTIONS, INC.'s patient, Glorianne P., assigned
2  her benefits and rights to payment to her health care provider, IV SOLUTIONS,
3  INC.  This assignment of benefits was permitted by the Claims Administrator,
4  CIGNA, at all times during the Administrative Review Process, as specifically
5  demonstrated by the Declaration of Gary L. Tysch and Exhibits "1" and "2"
6  attached to the Declaration of Gary L. Tysch.  By accepting the appeals, claims,
7  requests for reconsideration, and by engaging in the Administrative Review Process
8  with IV SOLUTIONS, INC., the Defendant permitted, accepted, acquiesced to and
9  otherwise countenanced and allowed IV SOLUTIONS, INC. to act as an assignee
10  of and for Glorianne P.  In fact, no request for reconsideration or appeals were ever
11  filed by Glorianne P. in this action at all.  The entire Administrative Review
12  Process was advanced solely by IV SOLUTIONS, INC.
13     By engaging in the administrative review process with IV SOLUTIONS,
14  INC., CIGNA, as claims Administrator for Defendant OFFICE DEPOT, allowed
15  and permitted IV SOLUTIONS to implement and enforce its assignment of benefits
16  that it had received from Glorianne P.  CIGNA also encouraged IV SOLUTIONS to
17  engage in this process in lieu of Glorianne P. by ignoring the anti-assignment
18  provisions of the Plan altogether and by leading IV SOLUTIONS, INC. to believe
19  that it would accept IV SOLUTIONS's right and standing to assert claims and
20  appeals for Glorianne P.  CIGNA's failure to object to IV SOLUTIONS'
21  involvement in the claim review process and administrative review process not only
22  waived demonstrated its waiver of the anti-assignment provision but also
23  demonstrated that it had accepted, allowed and permitted the assignment of benefits
24  from Glorianne P. to IV SOLUTIONS, INC.
25     Under the express exception to the anti-assignment provisions of the subject
26  Plan, the patient, Glorianne P., was allowed to assign her right to benefits to a
27  medical provider.  Ninth Circuit authority expresses a preference for the allowance
28  of assignments in order to further the interests of ERISA.  In *Misic v. Bldg. Serv.*

7

1   *Bldg. Employees Health & Welfare Trust*, 789 F.2d 1374 (9th Cir. 1986), the Ninth

2   Circuit Court of Appeals noted that ERISA contains no statutory anti-assignment

3   provisions applicable to benefit claims.  It also held that:

4           Neither the specific purpose of the anti-assignment

5           provision nor the general goal of the statute would be

6           served by prohibiting the type of assignments involved in

7           this case — assignment to the person who provided the

8           beneficiary with the health care of the beneficiary's right

9           to reimbursement for the cost of that care.  Health and

10          welfare benefit trust funds are designed to finance health

11          care.  Assignment of trust monies to health care providers

12          results in precisely the benefit the trust is designed to

13          provide and the statute is designed to protect.  Such

14          assignments also protect beneficiaries by making it

15          unnecessary for health care providers to evaluate the

16          solvency of patients before commencing medical

17          treatment, and by eliminating the necessity for

18          beneficiaries to pay potentially large medical bills and

19          await compensation from the Plan.

20  *Id.* at 1377.  *See also, Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073 (9th

21  Cir. 2000) (finding that a "judicial exception to the rule that only enumerated

22  parties may sue for benefits under Section 502(a)(1)(B)" has been established in

23  *Misic*, *supra*).

24          Further, the right of a policyholder or insured to assign its claims or *choses* in

25  action against an insurance company has been encouraged and fostered by

26  California courts for a number of decades.  *See,* for example, *Reichert v. Gen. Ins.*

27  *Co.*, 68 Cal.2d 822, 69 Cal. Rptr. 321, 422 P.2d 377 (1968).  The California

28  / / /

1  Supreme Court in *Murphy v. Allstate Ins. Co.*, 17 Cal.3d 937, 132 Cal. Rptr. 424,

2  553 P.2d 584 (1976) held that:

3          The insured may assign his cause of action for breach of

4          the duty to settle without consent of the insurance carrier,

5          even when the policy provisions provide to the contrary.

6  *Murphy* at 17 Cal.3d 942; 132 Cal. Rptr. 424, 553 P.2d 584.  This California rule

7  was reiterated by the California Supreme Court recently in *Essex Ins. Co. v. Five*

8  *Star Dye House, Inc.*, 38 Cal.4th 1252, 45 Cal. Rptr.3d 362, 137 P.3d 192 (2006).

9

10  **4.**

11  **CONCLUSION.**

12      For all of the reasons asserted above, it respectfully requested that the Motion

13  for Summary Judgment filed by Defendant be denied and that Summary

14  Adjudication against Count One be denied as well.  Plaintiffs should be allowed to

15  pursue their ERISA claim for benefits as an assignee of Glorianne P., since the anti-

16  assignment provision was waived during the Administrative Review Process and

17  since Defendant allowed, permitted and countenanced the assertion of claims for

18  benefits by IV SOLUTIONS, INC. in lieu of Glorianne P., throughout the

19  Administrative Review Process, thereby agreeing to, allowing and countenancing

20  the exception to the anti-assignment provisions contained within the subject Plan.

21          Respectfully submitted,

22  DATED: April 13, 2009       LAW OFFICES OF GARY L. TYSCH

23

24          By:___/s/ Gary L. Tysch_____

25          GARY L. TYSCH
        Attorneys for Plaintiffs IV

26          SOLUTIONS, INC. as an Assignee
        and IV SOLUTIONS, INC. in its Own

27          Individual Right

28  MemoPsAs-OppMSJ1.wpd