GARY L. TYSCH, ESQ. #128389
E-mail: gltysch@pacbell.net
LAW OFFICES OF GARY L. TYSCH
16133 Ventura Boulevard, Suite 580
Encino, California 91436-2411

(818) 995-9555 main
(818) 995-9550 facsimile

Attorneys for Plaintiffs IV SOLUTIONS, INC. as an Assignee and IV SOLUTIONS, INC. in its Own Individual Right

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IV SOLUTIONS, INC., a California Corporation, in its capacity as Assignee under an Assignment of Benefits and IV SOLUTIONS, INC., a California corporation, in its own separate and individual right and capacity,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE OFFICE DEPOT EMPLOYEE WELFARE BENEFIT PLAN and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.: EDCV 07-1603 VAP (JWJx)<br><br>**DECLARATION OF ALEX VARA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**<br><br>DATE: April 27, 2009<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 2<br>JUDGE: Hon. Virginia A. Phillips |

I, ALEX VARA, declare:

1. I am the principal and owner of IV SOLUTIONS, INC. If called to testify, I could and would competently attest to the following facts from my own personal knowledge.

2. At no time since the initiation of this action have I spoken with, contacted or otherwise communicated with Krystal Pinkney. At no time have I ever advised her not to attend her deposition in this case.

1

**DECLARATION OF ALEX VARA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**

3. On or about February 20, 2009, I received a telephone call from June Bedford, a former employee of IV SOLUTIONS, INC. At that time, Ms. Bedford explained that she had been served with a subpoena requiring her deposition testimony. She did not know what the case was about and asked me what the case involved. I told her, in brief, what the case involved and she indicated that she had no recollection of the case. She then questioned me about whether she should appear for the deposition, given the fact that she had little if any information concerning the case. At no time during this conversation did I ever instruct her not to appear at the deposition nor did I instruct her to refuse to give testimony. At no time during this conversation did I suggest to her that it would be appropriate not to attend her deposition or to refuse to give testimony.

4. In fact, I explained the nature of the case to her and answered all of the questions that she had concerning the case. I did not believe it was my role to give June Bedford advice about whether she should attend the deposition, despite the fact that she asked me whether she should attend the deposition. I declined to give her any response to that direct question. Ms. Bedford seemed to be conflicted about attending the deposition during our phone conversation, expressing to me that it would be difficult for her to attend given her work schedule, and expressing on numerous occasions her frustration at not being able to recall any facts concerning the case.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED: April 13, 2009

                                              /s/ Alex Vara
                                    ALEX VARA, Declarant

DeclVARA-OppMTermSanc1.wpd