ROBIN J. SAMUEL (SBN 173090)
LAURA M. AHART (SBN 246522)
HOGAN & HARTSON LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
rjsamuel@hhlaw.com
lmahart@hhlaw.com

Attorneys for Defendant
THE OFFICE DEPOT EMPLOYEE
WELFARE BENEFIT PLAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IV SOLUTIONS, INC., a California corporation, in its capacity as Assignee under an Assignment of Benefits and IV SOLUTIONS, INC., a California Corporation, in its own separate and individual right and capacity,<br><br>Plaintiff,<br><br>vs.<br><br>THE OFFICE DEPOT EMPLOYEE WELFARE BENEFIT PLAN and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. EDCV07-1603 VAP (JWJx)<br><br>**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF GARY L. TYSCH IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:   April 27, 2008<br>Time:   10:00 a.m.<br>Place.: Courtroom 2<br>Judge:  Hon. Virginia A. Phillips |

1    Defendant The Office Depot Employee Welfare Benefit Plan ("Defendant" or
2 the "Plan") hereby objects to the entirety of the Declaration of Gary L. Tysch in
3 Support of Plaintiff's Opposition to Motion for Summary Judgment, or in the
4 Alternative, Summary Adjudication (the "Tysch Declaration" or "Tysch Decl."), and
5 to the exhibits to the Tysch Declaration, for the following reasons: 1/

**EVIDENTIARY OBJECTION NO. 1:**

**Paragraph 3 and Exhibit 1 of the Tysch Declaration**

"Included in the documents produced, was a letter from CIGNA HealthCare's Assistant Vice President, Deborah D. Rodriguez, M.P.H., dated October 26, 2005, to Mr. Alex Vara at IV SOLUTIONS, Inc.  In response to numerous demands for payment by IV SOLUTIONS of the claims associated with Glorianne P.'s services received from IV SOLUTIONS, INC., Ms. Rodriguez responded with an offer to pay IV SOLUTIONS, INC. directly, and offered a settlement based upon this letter and previous discussions with Mr. Vara.  A true and correct copy of the October 26, 2005, letter from Ms. Rodriguez is attached hereto as Exhibit '1' and is incorporated herein by this reference as if set forth in full."

**Evidentiary Objections**

<u>Lack of foundation</u>.  Fed. R. Evid. 602.  Gary L. Tysch, counsel for Plaintiff, has no personal knowledge of the contents of Exhibit 1 nor any basis upon which to authenticate the document.

---

1/    Plaintiff's Separate Statement of Disputed and Undisputed Facts also relies on the Tysch Declaration, thus Defendant raises the same evidentiary objections discussed herein with respect to the Separate Statement.

<u>Inadmissible offer to compromise</u>.  Fed. R. Evid. 408.  A letter offering consideration in exchange for a release of a potential claim after a dispute has arisen constitutes an offer to compromise, whether or not the party has filed suit on its potential claim, and is inadmissible as evidence opposing summary judgment.  *Mundy v. Household Finance Corp.*, 885 F.2d 542, 546-47 (9th Cir. 1989); *Coleman v. The Quaker Oats Co.*, 232 F.3d 1271, 1290-91 (9th Cir. 2000); *Civic Center Drive Apartments Ltd. Partnership v. Southwestern Bell Video Svcs.*, 295 F.Supp.2d 1091 (N.D. Cal. 2003).  The Tysch Declaration claims that Exhibit 1 is a letter sent by Defendant to Plaintiff after a dispute over payment arose between the parties.  Tysch Decl., ¶ 3.  In the letter, Defendant offers an amount in exchange for a release of the claim.  *Id.*  Plaintiff offers the letter to show that CIGNA admitted at least some liability to Plaintiff as an assignee.  Plaintiff's Opposition to Motion for Summary Judgment, p. 4 (stating that the letters show that "CIGNA offered to pay benefits to IV Solutions, Inc. in compromise of the claims and otherwise treated IV Solutions, Inc. as if IV Solutions, Inc. were the claimant, participant, or beneficiary under the ERISA Plan").  Based on the contents of the letter and the purpose for which it is offered, the letter constitutes an inadmissible offer to compromise pursuant to Federal Rule of Evidence 408.

**EVIDENTIARY OBJECTION NO. 2:**

**Paragraph 4 and Exhibit 2 of the Tysch Declaration**

"Similarly, on January 4, 2006, CIGNA's Senior Counsel of Medical Strategy & Litigation, Legal Division, Jeffrey D. Linstone, wrote Alex Vara.  In that letter, CIGNA's Senior Counsel reiterated the bases upon which the claims had previously been denied stating that the subject Plan 'does not cover charges for services

1  provided by out of network providers, nor does the Plan cover expenses in excess of
2  reasonable and customary charges.'  In addition, Linstone objected to the claims of
3  IV SOLUTIONS, INC. on behalf of Glorianne P., on the basis that the claims were
4  'grossly excessive.'  A true and correct copy of the January 4, 2006 letter from Mr.
5  Linstone is attached hereto as Exhibit '2' and is incorporated herein by this reference
6  as if set forth in full."

**Evidentiary Objections**

10  <u>Lack of foundation</u>.  Fed. R. Evid. 602.  Gary L. Tysch, counsel for Plaintiff,
11  has no personal knowledge of the contents of Exhibit 2 nor any basis upon which to
12  authenticate the document.

14  <u>Inadmissible offer to compromise</u>.  Fed. R. Evid. 408.  The Tysch Declaration
15  claims that Exhibit 2 is a letter sent by Defendant to Plaintiff after a dispute over
16  payment arose between the parties.  Tysch Decl., ¶ 4.  In the letter, Defendant offers
17  an amount in exchange for a release of the claim.  *Id.*  Plaintiff offers the letter to
18  show that CIGNA admitted liability to Plaintiff as an assignee.  Plaintiff's
19  Opposition to Motion for Summary Judgment, p. 4 (stating that the letters show that
20  "CIGNA offered to pay benefits to IV Solutions, Inc. in compromise of the claims
21  and otherwise treated IV Solutions, Inc. as if IV Solutions, Inc. were the claimant,
22  participant, or beneficiary under the ERISA Plan").  As set forth in the first
23  evidentiary objection, based on the contents of the letter and the purpose for which it
24  is offered, the letter constitutes an inadmissible offer to compromise pursuant to
25  Federal Rule of Evidence 408.

**EVIDENTIARY OBJECTION NO. 3:**

**Paragraph 5 of the Tysch Declaration**

"The January 4, 2006, letter is the final denial letter issued by CIGNA on this case. Nowhere in this letter is there any reference to or objection made by CIGNA that IV SOLUTIONS, INC. lacked standing to assert claims on behalf of Glorianne P., that IV SOLUTIONS, INC.'s claims were being rejected as a result of an anti-assignment clause contained within the subject Plan, nor did CIGNA's senior counsel ever repudiate or reject IV SOLUTIONS, INC.'s standing to assert the claims for benefits on behalf of Glorianne P. In fact, by this letter, Linstone offered to reimburse IV SOLUTIONS, INC. for 'all supplies at 100% of billed charges and further offered to reimburse drug charges at average wholesale prices (AWP) plus 20%."

**Evidentiary Objections**

Lack of foundation. Fed. R. Evid. 602. Gary L. Tysch, counsel for Plaintiff, has no personal knowledge of the contents of the documents he references nor any basis upon which to authenticate the documents.

Inadmissible offer to compromise. Fed. R. Evid. 408. See discussion, *supra*, Evidentiary Objection No. 2. The letter described constitutes an inadmissible offer to compromise pursuant to Federal Rule of Evidence 408.

**EVIDENTIARY OBJECTION NO. 4:**

**Paragraph 6 of the Tysch Declaration**

"I have reviewed each and every page of the documents produced by OFFICE DEPOT in response to Request for Production of Documents. In none of the documents produced by OFFICE DEPOT in response to Plaintiff's Request for Production is there any reference to OFFICE DEPOT's denial of benefits on the basis of an anti-assignment provision contained within the subject Plan document. Similarly, none of the documents produced evidence an invocation of the anti-assignment provision to deny coverage, benefits or claims."

**Evidentiary Objections**

<u>Hearsay</u>. Fed. R. Evid. 801. Mr. Tysch is attempting to testify about the contents of documents and records, which themselves constitute hearsay statements, without establishing an exception to the hearsay rule or the identity of the documents and records.

<u>Lack of personal knowledge</u>. Fed. R. Evid. 602. As counsel for Plaintiff, Mr. Tysch, has no personal knowledge of the contents of the documents he references, or absence of such documents, nor any basis upon which to authenticate the documents.

<u>Improper conclusions and argument</u>. C.D. L.R. 7-7. Mr. Tysch offers conclusions about what he learned from reviewing documents produced by Defendant, without explaining any basis for his personal knowledge of the contents of the documents or attaching the documents themselves. Instead, he asks the Court

1  to accept his personal conclusions based on his review.  Furthermore, the Opposition
2  cites Mr. Tysch's conclusions as "evidence" of the content of documents produced
3  by Defendant, when in fact Mr. Tysch's statements are mere second-hand
4  conclusions.

6  **EVIDENTIARY OBJECTION NO. 5:**

8  **Paragraph 7 of the Tysch Declaration**

10  "From my review of the documents produced by OFFICE DEPOT, I have also
11  determined that all the submissions of claims, correspondence, appeals, inquiries and
12  requests for reimbursement and payment were made by IV SOLUTIONS, INC. to
13  OFFICE DEPOT, while none of those same documents originated from Glorianne P.
14  There is no indication that Glorianne P. ever personally pursued a claim for benefits,
15  payment, indemnification or reimbursement of the medical expenses that she
16  incurred for services rendered by IV SOLUTIONS, INC. by or through an appeal,
17  inquiry or other communication to CIGNA on behalf of OFFICE DEPOT."

19  **Evidentiary Objections**

21  <u>Hearsay</u>.  Fed. R. Evid. 801.  Mr. Tysch is attempting to testify about the
22  contents of documents and records, which themselves constitute hearsay statements,
23  without establishing an exception to the hearsay rule or the identity of the documents
24  and records.

26  <u>Lack of personal knowledge</u>.  Fed. R. Evid. 602.  As counsel for Plaintiff, Mr.
27  Tysch has no personal knowledge of the contents of the documents he references, or

1  absence of such documents, nor any basis upon which to authenticate the documents.

2

3  <u>Improper conclusions and argument</u>.  C.D. L.R. 7-7.  Mr. Tysch offers
4  conclusions about what he learned from reviewing documents produced by
5  Defendant, without explaining any basis for his personal knowledge of the contents
6  of the documents or attaching the documents themselves.  Instead, he asks the Court
7  to accept his personal conclusions based on his review.  Furthermore, the Opposition
8  cites Mr. Tysch's conclusions as "evidence" of the content of documents produced
9  by Defendant, when in fact Mr. Tysch's statements are mere second-hand
10 conclusions.

11

12 Dated:  April 20, 2009                          HOGAN & HARTSON LLP

13

14
                                                 By:  /s/ *Robin J. Samuel*
15                                                    Robin J. Samuel
                                                      Attorneys for Defendant
16                                                    THE OFFICE DEPOT
17                                                    EMPLOYEE WELFARE
                                                      BENEFIT PLAN
18

19

20

21

22

23

24

25

26

27

28

–7–

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO
DECLARATION OF GARY L. TYSCH**

\\\LA - 019337/000057 - 428987 v1

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to this action. My business address is Hogan & Hartson LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067.

On April 20, 2009, I caused the foregoing document described as:

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF GARY L. TYSCH IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

to be served on the interested parties in this action as follows:

Gary L. Tysch
Law Offices of Gary L. Tysch
16133 Ventura Blvd., Suite 580
Encino, CA 91436
E-mail: gltysch@pacbell.net

**[X]** **BY E-MAIL.** I caused such document(s) to be delivered in PDF format when the attached document was e-filed with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the e-mail address(es) listed above:

[ ] **BY MAIL.** I sealed said envelope and placed it for collection and mailing following ordinary business practices.

[ ] **BY HAND DELIVERY.** I caused such envelope to be delivered by hand to the offices of the addressee(s) following ordinary business practices.

[ ] **BY UNITED PARCEL SERVICE.** I caused such document to be delivered by overnight mail to the offices of the addressee(s) by placing it for collection by UPS following ordinary business practices by my firm, to wit, that packages will either be picked up from my firm by UPS and/or delivered by my firm to the UPS office.

[ ] **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on , at Los Angeles, California.

**[X]** **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 20, 2009, at Los Angeles, California.

CARMELA ELIAS　　　　　　　　　　/s/ *Carmela Elias*
Print Name　　　　　　　　　　　　　Signature